

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00377-CV

**ROSE DONALDSON,**

                                                                **Appellant**

 **v.**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION, AS SUCCESSOR**
**BY MERGER TO CHASE HOME FINANCE LLC,**

                                                                **Appellees**


### From the County Court at Law No. 2
### McLennan County, Texas
### Trial Court No. 20121376CV2


## MEMORANDUM  OPINION


JP Morgan Chase Bank, National Association, as successor by merger to Chase Home Finance, LLC (Chase), filed a forcible detainer action against Rose Donaldson seeking possession of certain real property.  The justice court entered final judgment in favor of Chase on August 28, 2012.  Donaldson appealed to the McLennan County Court at Law No. 2.  The trial court conducted a bench trial on January 15, 2014, on the forcible

detainer and also considered Donaldson's plea in abatement. The trial court entered judgment that Chase is entitled to possession of the real property and denied Donaldson's plea in abatement and motion to dismiss. We affirm.

In the first issue, Donaldson argues that the trial court erred in hearing the case and rendering judgment because Chase's pleading was not "sworn to by the Plaintiff" and, therefore, was not a valid pleading. The Texas Rules of Civil Procedure provide that, "a petition in an eviction case must be sworn to by the plaintiff." TEX. R. CIV. Pro. 510.3 (a). Donaldson argues that because the petition was signed by Chase's counsel rather than Chase, it was not a valid pleading.

Former Rule of Civil Procedure 739 stated:

> When the party aggrieved or his authorized agent shall file his written sworn complaint with such justice [of the peace], the justice shall immediately issue citation directed to the defendant or defendants commanding him to appear before such justice at a time and place named in such citation, such time being not more than ten days nor less than six days from the date of service of the citation.

Tex. R. Civ. P. 739 (West 2013, repealed 2013). New Rule 510.3(a), which is the basis of the issue before us, states, "In addition to the requirements of Rule 502.2, a petition in an eviction case must be sworn to by the plaintiff ...." TEX. R. CIV. P. 510.3(a). In the order adopting the rule amendments, the Texas Supreme Court provided that the new rules govern cases filed on or after August 31, 2013, or pending on August 31, 2013. TEX. SUP. CT. ORDER, Misc. Docket No. 13-9049, April 15, 2013. The Court stated "[a]n action taken before August 31, 2013, in a case pending on August 31, 2013, that was done pursuant to

any previously applicable procedure must be treated as valid." *Id*. Chase filed its petition, verified by counsel for Chase, on August 17, 2012. Therefore, the case was filed pursuant to Rule 739 which permitted an authorized agent to verify the petition.

Moreover, a defective verification does not deprive a county court of jurisdiction to hear a forcible detainer action. *Norvelle v. PNC Mortgage*, 472 S.W.3d 444, 446 (Tex.App.-Fort Worth 2015, no pet.). Further, Donaldson contends that pursuant to Rule 510.3 there is no longer any provision of the applicable rules that permits a plaintiff's attorney to swear to a forcible detainer petition and that strict compliance with the rule's language is required; however, Donaldson has not cited us to any authority to support the proposition that defects in an eviction petition can deprive the trial court of jurisdiction and make the resulting eviction judgment void. *See Norvelle v. PNC Mortgage*, 472 S.W.3d at 446. We overrule the first issue.

In the second issue Donaldson argues that the trial court erred in hearing the case and rendering judgment because Chase did not have standing to prosecute the claim. In the third issue, Donaldson argues that the trial court erred in granting judgment for possession of the property because Chase did not tender evidence that it was allowed to rely on the "tenancy at sufferance" language in the Deed of Trust, and Chase was not in privity of contract with Donaldson in regard to the claimed lien instrument.

Donaldson executed a deed of trust that provided the following provision if the property was sold at foreclosure:

If the Property is sold [at a foreclosure sale], [Donaldson] or any person holding possession of the Property through [Donaldson] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Donaldson] or such person shall be a tenant at sufferance and may be removed by writ of possession.

A forcible detainer action is an expedited proceeding intended to "provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises" where no unlawful entry occurs. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). The only issue to be resolved in a forcible detainer action is the right to actual and immediate possession of the property; the merits of title are not adjudicated. *Salaymeh v. Plaza Centro*, LLC, 264 S.W.3d 431, 435 (Tex.App.-Houston [14th Dist.] 2008, no pet.). To prevail in a forcible-detainer action, a plaintiff need only show sufficient evidence of ownership and is not required to prove title to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). Therefore, whether the sale of property under a deed of trust is invalid may not be determined in a forcible-detainer action and must be brought in a separate suit. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

Chase demonstrated its right to possession of the property because the substitute trustee's deed showed Chase's purchase of the property, the deed of trust showed Donaldson's status as a tenant at sufferance when she did not vacate the property after Chase purchased the property, and the notices to vacate showed Chase's notification to

Donaldson that she was a tenant at sufferance and that she must vacate the property. Any defects in the foreclosure process or with Chase's title to the property may not be considered in a forcible-detainer action. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198–99 (Tex. App.—Dallas 2011, pet. dism'd). We overrule Donaldson's second and third issues.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 31, 2016
[CV06]

