

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00322-CV

DAVID K. NORVELLE AND SYLVIA
D. NORVELLE

APPELLANTS

V.

PNC MORTGAGE, A DIVISION OF
PNC BANK, NATIONAL
ASSOCIATION

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-002663-1

----------

## OPINION

----------

Former rules of civil procedure 738–755 governed forcible entry and detainer until the supreme court repealed them in 2013 and replaced them with rules of civil procedure 500.4 and 510.3–.5, .7–.13. *Compare* Tex. R. Civ. P. 738–755 (West 2013, repealed 2013), *with* Tex. R. Civ. P. 500.4, 510.3–.5, .7–.13.

Former rule of civil procedure 739 stated,

> When the party aggrieved *or his authorized agent* shall file his written sworn complaint with such justice [of the peace], the justice shall immediately issue citation directed to the defendant or defendants commanding him to appear before such justice at a time and place named in such citation, such time being not more than ten days nor less than six days from the date of service of the citation.

> The citation shall inform the parties that, upon timely request and payment of a jury fee no later than five days after the defendant is served with citation, the case shall be heard by a jury.

Tex. R. Civ. P. 739 (West 2013, repealed 2013) (emphasis added). New rule 510.3(a), which is the basis of the issue before us, states, "In addition to the requirements of Rule 502.2, a petition in an eviction case must be *sworn to by the plaintiff . . . .*" Tex. R. Civ. P. 510.3(a) (emphasis added).

In a single issue, appellants David K. Norvelle and Sylvia D. Norvelle appeal the county court's judgment in favor of appellee PNC Mortgage, a Division of PNC Bank, National Association (the Bank) in its forcible detainer action,[1] arguing that because the petition was supported by the Bank's attorney's

---

[1] The Bank filed an original petition for forcible detainer in the justice court. The Norvelles responded with a plea in abatement and an original answer subject to the plea. In their plea in abatement, the Norvelles complained that the suit should be dismissed or abated "due to the failure of the Original Petition to be sworn in compliance with Texas Rule of Civil Procedure . . . 510.3(a) and/or other applicable law, because the Original Petition is not 'sworn to by the plaintiff' as required by the plain language of the Rule." They argued that no provision of the applicable rules of civil procedure allowed a plaintiff's attorney to swear to a forcible detainer petition. The justice court denied the plea in abatement and granted the Bank its requested relief.

The Norvelles appealed to the county court at law. At the trial de novo, the Norvelles informed the county court that they "had a plea in abatement in here,

affidavit rather than by an affidavit from the Bank itself, the trial court lacked jurisdiction.

This court has already held that a defective verification does not deprive a county court of jurisdiction to hear a forcible detainer action. *Fleming v. Fannie Mae,* No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) ("Accordingly, assuming that the verification was defective, we hold that, to the extent Fleming raises a jurisdictional challenge to the trial court's judgment in favor of Fannie Mae, such a challenge is without merit."); *see also Obgomo v. Am. Homes 4 Rent Props. Two, LLC*, No. 02-14-00105-CV, 2014 WL 7204552, at *1 (Tex. App.—Fort Worth Dec. 18, 2014, pet. filed); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g).

Further, although the Norvelles refer us to the repeal of former rule 739 and its replacement with rule 510.3 and contend that there is "no longer any provision of the applicable rules that permits a plaintiff's attorney to swear to a forcible detainer petition" and that strict compliance with the rule's language is required, they have not cited us to any authority to support the proposition that

which is based on [their counsel's] standard issues about the Plaintiff not signing the verification" and argued that the new rule required the petition to be sworn to by the "plaintiff." The Bank's counsel responded that the Bank's attorney had signed the verification of the complaint in the justice court. The county court denied the plea in abatement and, after hearing evidence on the merits, granted judgment for the Bank. The Norvelles again raised their rule 510.3(a) arguments in their motion for new trial.

3

defects in an eviction petition can deprive the trial court of jurisdiction and make the resulting eviction judgment void. *See* Tex. R. App. P. 38.1(i); *Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.); *see also Reagan v. NPOT Partners I, L.P.,* No. 06-08-00071-CV, 2009 WL 763565, at *2–3 (Tex. App.— Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (concluding that the defective verification did not deprive the county court of jurisdiction over forcible detainer action when omissions of or formal defects in the verification of a plea or pleading can generally be waived);[2] *cf.* Tex. Const. art. V, § 19 (stating that justice of the peace courts shall have exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less "and such other jurisdiction as may be provided by law"); Tex. Prop. Code Ann. § 24.004 (West 2014) (providing for the justice court's jurisdiction over eviction suits—which

---

[2]In *Reagan*, the court addressed not only a defective verification but also the methodology used by counsel to raise his complaint—as here, a plea in abatement. 2009 WL 763565, at *5. A plea in abatement challenges a plaintiff's pleading by asserting facts outside of the record that prevent the suit from going forward until the problem can be cured, and in raising a plea in abatement, the defendant must identify any impediment to the suit's continuation, identify an effective cure, and ask the court to abate the suit until the defect is corrected. *Id.* It cannot be used to determine an action's merits. *Id.* As here, nowhere in Reagan's plea in abatement was any allegation made or explanation offered of how lack of verification was an impediment to the county court's determination of immediate possession. *See id.* Nor was an effective cure proposed. *See id.* Relying on *Reagan*, the Dallas court held in *Shutter* that the trial court did not abuse its discretion by overruling a similar plea in abatement when, as in *Reagan*, and as here, Shutter did not allege or explain how a defective verification was an impediment to the trial court's determination of immediate possession and did not demonstrate harm. 318 S.W.3d at 470.

include forcible detainer actions—in the precinct where the real property is located); *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.) (observing that justice of the peace courts are courts of limited jurisdiction and have original jurisdiction over a limited number of causes of action that include cases of forcible entry and detainer but not to try title to land); *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 838 (Tex. Civ. App.— Houston [14th Dist.] 1979, no writ) ("[N]either the deficiency in the prayer of appellee's petition, nor its alleged failure to demand return of possession of the premises, deprives the trial court of subject matter jurisdiction in a forcible detainer action.").

Furthermore, nothing in the applicable law invalidates the Bank's petition under rule 510.3(a). We apply to rules of civil procedure the same rules of construction that govern the interpretation of statutes. *In re Christus Spohn Hosp.*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding). We rely on the plain meaning of the text unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result. *Beeman v. Livingston*, No. 13-0867, 2015 WL 4072404, at *3 (Tex. June 26, 2015); *see also* Tex. Gov't Code Ann. § 311.023 (West 2013) (stating that in construing a statute, regardless of whether it is considered ambiguous on its face, a court may consider among other things the object sought to be attained, the circumstances under which it was enacted, its legislative history, common law or former statutory provisions on the same or

5

similar subjects, consequences of a particular construction, the statute's administrative construction, and the title (caption), preamble, and emergency provision).

While rule of civil procedure 510.3(a), entitled "Petition," does state that "a petition in an eviction case *must be sworn to by the plaintiff*," Tex. R. Civ. P. 510.3(a) (emphasis added), this language, when read in the context of the other rules of this section, clarifies who may sign a petition and swear to the facts contained therein.[3]  Rule 500.2(u) defines "plaintiff" as "a *party* who sues."  Tex. R. Civ. P. 500.2(u) (emphasis added).  Rule 500.2(s) defines "party" as "a person *or entity* involved in the case that is either suing or being sued, including all plaintiffs, defendants, and third parties that have been joined in the case."  Tex. R. Civ. P. 500.2(s) (emphasis added).  Rule 500.4 sets out that in an eviction case, individuals may represent themselves or have an authorized agent or attorney represent them and that corporations or other entities may be represented by non-attorney employees, owners, officers, or partners, a property manager or other authorized agent, or by an attorney, as the Bank was here. Tex. R. Civ. P. 500.4(b).  Rule 502.1 states that with the exception of oral motions made during trial or when all parties are present, "*every pleading*, plea,

---

[3]We note that under rule 500.3(d), eviction cases are governed by rules 500–507 and 510, and that, to the extent there are any conflicts between rule 510 and the rest of the rules, rule 510 applies.  Tex. R. Civ. P. 500.3(d). However, contrary to the Norvelles' argument, we do not believe that there is an actual conflict between the rules.

motion, application to the court for an order, or other form of request *must be written and signed by the party or its attorney* and must be filed with the court." Tex. R. Civ. P. 502.1 (emphasis added).

It is well-settled that corporations and other business entities generally may appear in courts only through licensed counsel.[4] *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) ("Generally a corporation may be represented only by a licensed attorney . . . and an individual must appear in person or by an attorney"); *Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (dismissing appeal because law firm entity could not proceed pro se but rather had to be represented by counsel). The reason for this rule is that a

---

[4]We note that some proceedings in eviction actions and proceedings in justice court present two exceptions to the general rule that an unlicensed person cannot provide representation for a corporation (or anyone else) under most circumstances. *Compare Allied Builders, Inc. v. Pave Masters, Inc.*, No. 05-14-01588, 2015 WL 967645, at *1 (Tex. App.—Dallas Mar. 3, 2015, no pet.) (mem. op.) (dismissing appeal when non-lawyer owner attempted to represent company on appeal), *with* Tex. Gov't Code Ann. § 27.031(d) (West Supp. 2014) ("A corporation need not be represented by an attorney in justice court."), *and* Tex. Prop. Code Ann. § 24.011 (West 2014) (providing that the parties may represent themselves or be represented by their authorized agents, who need not be attorneys, in eviction suits in justice court for nonpayment of rent or holding over beyond a rental term, and in any eviction suit in justice court, an authorized agent requesting or obtaining a default judgment need not be an attorney).

corporation or other business entity, as a fictional legal person, cannot literally appear in the flesh and sign anything.[5]  *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982); *see also Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2794 (2014) (Ginsburg, J., dissenting) (noting that "Chief Justice Marshall observed nearly two centuries ago [that] a corporation is 'an artificial being, invisible, intangible, and existing only in contemplation of law,'" and quoting *Trs. of Dartmouth Coll. v. Woodward*, 17 U.S. (4 Wheat.) 518, 636 (1819)); *cf.* Tex. R. Civ. P. 7.

The process that led to the modification of the rule at issue began in 2011, when the legislature dissolved small claims courts, added small claims cases to the justice courts' jurisdiction, and directed the supreme court to develop new rules to accommodate the restructuring.[6]  Julie M. Balovich, *Navigating the New*

---

[5]Corporations have neither bodies nor souls.  *See* Thomas E. Rutledge, *A Corporation Has No Soul—The Business Entity Law Response to Challenges to the PPACA Contraceptive Mandate*, 5 Wm. & Mary Bus. L. Rev. 1, 28 & n.133 (2014) (citing sources as early as 1613 for the proposition that corporations have no souls and cannot appear in person but rather only by attorney).  They also "have no consciences, no beliefs, no feelings, no thoughts, no desires." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 466, 130 S. Ct. 876, 972 (2010) (Stevens, J., concurring in part and dissenting in part).  But they do have legal rights. *See id.*, 130 S. Ct. at 972 (acknowledging that corporations' "personhood" often serves as a useful legal fiction).

[6]*See* Senate Research Center, Bill Analysis, Tex. H.B. 79, 82nd Leg., 1st C.S. (2011), *available at* http://www.legis.state.tx.us/tlodocs/821/ analysis/pdf/HB00079E.pdf#navpanes=0 (last visited August 14, 2015) (stating that the restructuring's objective was to simplify and modernize the justice system by, in part, abolishing the small claims courts and consolidating their cases into the justice-of-the-peace court system).

*Justice Court Rules*, 70 The Advoc. (Tex.) 33, 35 (2015) (citing Tex. Gov't Code Ann. § 27.060(c) (West Supp. 2014)). The legislature instructed the supreme court to promulgate rules of civil procedure "to ensure the fair, expeditious, and inexpensive resolution of small claims cases." Tex. Gov't Code Ann. § 27.060(a). The legislature further directed the supreme court that the rules it adopted could not require that a party in a case be represented by an attorney, be so complex that a reasonable person without legal training would have difficulty understanding or applying the rules, or require that the discovery rules be applied except to the extent the justice of the peace hearing the case determines that the rules must be followed to ensure fairness to all parties. *Id.* § 27.060(d). The supreme court approved the new rules in April 2013. Supreme Court of Tex., *Final Approval of Rules for Justice Court Cases*, Misc. Docket No. 13-9049, 76 Tex. B.J. 440 (Apr. 15, 2013).

To hold, as the Norvelles urge us, that new rule 510.3(a) requires a corporation or other entity to physically sign a petition would defy the reality that business entities operate through their agents, and it would usurp the ability of these entities to have their day in court—an absurd or nonsensical result not contemplated by the supreme court when it modified the rules, and a contradictory result when considered alongside the rest of the new rules, their purpose, and the pertinent provisions of the property code. *See* Tex. Gov't Code Ann. § 311.023. Here, the petition filed in the justice court contained a verification sworn to by the Bank's counsel, stating her authority to make the

9

affidavit and swearing that the facts contained in the pleading were both within her personal knowledge and true and correct. As she acted as the Bank's corporeal agent for purposes of instituting the action, this was sufficient to meet rule 510.3(a)'s requirements. Therefore, we overrule the Norvelles' sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DELIVERED:  August 20, 2015