

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00244-CV

DAVID K. NORVELLE, SYLVIA                                    APPELLANTS
NORVELLE, AND/OR ALL
OCCUPANTS

V.

BEAULY, LLC                                                    APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2015-000732-1

----------

## MEMORANDUM OPINION[1]

----------

David K. and Sylvia Norvelle appeal from the trial court's judgment against them in this forcible detainer suit. We affirm.

In their first issue, the Norvelles contend that the trial court lacked jurisdiction to render judgment because Beauly, LLC's pleading was not properly

---

[1]See Tex. R. App. P. 47.4.

verified as required by rule of civil procedure 510.3(a). Tex. R. Civ. P. 510.3(a). The petition was sworn to by one of Beauly's attorneys. This court has recently held—in a prior appeal brought by the Norvelles involving a different appellee and a different property—that (1) a lack of a proper verification does not deprive a county court of jurisdiction to hear a forcible detainer suit and (2) a party's attorney may verify a petition in a forcible detainer action as that party's agent. *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 447–49 (Tex. App.—Fort Worth 2015, no pet.) (citing Tex. R. Civ. P. 500.2(s), (u), 500.4(b), 502.1); *see Randle v. Deutsche Bank Nat'l Trust Co.*, No. 05-14-01439-CV, 2016 WL 308711, at *5–7 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op.) (discussing and citing *Norvelle* with approval). Therefore, we overrule the Norvelles' first issue.

In their second issue, the Norvelles argue that the trial court lacked jurisdiction to render judgment because Beauly lacked standing to bring the forcible detainer suit. According to the Norvelles, they showed that Beauly could not have claimed ownership via a 2014 special warranty deed from LaSalle Bank National Association as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-H, Mortgage Loan Asset-Backed Certificates, Series 2007-H1 (LaSalle) because LaSalle had "ceased to exist" before the execution date of the special warranty deed.[2]

---

[2]The Norvelles cited Conditional Approval #885 of the Comptroller of the Currency, which states in a footnote that "BANA [Bank of America, National Association] merged with LaSalle Bank N.A. and LaSalle Bank Midwest N.A. on October 17, 2008." Office of the Comptroller of the Currency, Conditional

The Norvelles raised this complaint in a plea in abatement in the trial court, but they did not attach any evidence in support of it. Because they failed to provide any evidence in support of their claim that Beauly lacked valid title, they failed to raise the existence of a title dispute sufficient to show that the trial court lacked jurisdiction over the forcible detainer suit. *See Jaimes v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at \*5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.); *see also Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 WL 2545614, at \*3 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding that plaintiff in forcible detainer suit who purchased property via nonjudicial foreclosure sale is not required to prove a clear chain of title to it in order to prove its superior right to possession vis à vis the defendant). Beauly presented as evidence (1) a deed of trust from the Norvelles to Matthew Haddock as trustee for the benefit of First Franklin Financial Corp. as lender that included a provision that upon a nonjudicial foreclosure sale, the Norvelles would become tenants at sufferance if they did not surrender possession to the buyer, (2) a substitute trustee's deed reciting that the property secured by the deed of trust was conveyed via nonjudicial

Approval #885, 2008 WL 7137076, at \*1 n.1 (Nov. 6, 2008), http://www.occ.gov/static/interpretations-and-precedents/dec08/ca885.pdf.

However, this statement, standing alone and without any additional information regarding the terms of the merger, does not constitute evidence that LaSalle as an entity "ceased to exist" for purposes of conveying title, as argued by the Norvelles.

3

foreclosure sale to LaSalle and conveying the property to LaSalle, (3) a special warranty deed from LaSalle to Beauly recorded in the Tarrant County property records, and (4) evidence of the notice to vacate sent to the Norvelles by Beauly. The Norvelles did not present any evidence. Thus, Beauly's evidence was sufficient to support a judgment in its favor on the issue of possession. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005(b) (West 2014 & Supp. 2015). We overrule the Norvelles' second issue.

In their third issue, the Norvelles challenge Beauly's right to rely on the tenant-at-sufferance provision of the deed of trust because they claim that Beauly was not in privity of contract with them. The Norvelles failed to raise this complaint in the trial court; therefore, they failed to preserve it for our review on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Sawyer v. Deutsche Bank Nat'l Trust Co.*, No. 05-10-01634-CV, 2011 WL 5085629, at *2 (Tex. App.—Dallas Oct. 27, 2011, no pet.) (mem. op.). We overrule their third issue.

Having overruled the Norvelles' three issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL, J., and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: June 23, 2016

4