COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CHARLES RODRIQUEZ and ALL OTHER OCCUPANTS OF 1805 NELVA STREET, WACO, TEXAS 76711, | § § § | No. 08-15-00104-CV |
| Appellants, | § | Appeal from the |
| v. | § | County Court at Law No. 2 |
| MIDFIRST BANK, | § | of McLennan County, Texas |
| Appellee. | § | (TC# 20140964CV2) |

## O P I N I O N

Charles Rodriquez appeals a forcible detainer judgment granting possession of a home located at 1805 Nelva Street in Waco, Texas, (the Property) to Midfirst Bank (Midfirst). We affirm.[1]

## BACKGROUND

Midfirst is the holder of a note and deed of trust to the Property originally issued to Everett Financial, Inc. d/b/a Supreme Lending. Following Rodriquez's alleged failure to make mortgage payments on the Property, the Property was foreclosed and Midfirst purchased the Property at auction. Midfirst gave Rodriquez a notice to vacate, then brought a forcible detainer suit in McLennan County Justice Court, Precinct 8, pursuant to a deed of trust provision naming

---

[1] This case is transferred to us from the Tenth Court of Appeals in Waco. *See* TEX.R.APP.P. 41.3.

any Property occupants following foreclosure as tenants at sufferance. The Original Petition was signed by Lauren Christoffel, listed as attorney for Midfirst. The justice court granted judgment in favor of Midfirst. Rodriquez appealed to the County Court at Law. On trial *de novo*, the county court also found in favor of Midfirst.

Appeal to this Court followed.

## DISCUSSION

In one issue, Rodriquez contends that the lower court's judgment is void for want of jurisdiction. We disagree.

We review jurisdictional questions *de novo*. *Gibson v. Dynergy Midstream Srvs., L.P.,* 138 S.W.3d 518, 522 (Tex.App.--Fort Worth 2004, no pet.). "Justice of the peace courts and, on appeal by trial de novo, county courts, have jurisdiction over forcible entry and detainer and forcible detainer suits." *Id*. at 521-22. The thrust of Rodriquez's argument is that the trial court lacked jurisdiction over this case because Midfirst's petition was formally defective under the Texas Rules of Civil Procedure. Specifically, Rule 510.3(a) requires the petition to be "sworn to by the plaintiff," TEX.R.CIV.P. 510.3(a), but here, the actual verification is attested to by Midfirst's attorney. Thus, because Midfirst did not personally verify the petition in compliance with Rule 510.3(a), the petition was invalid and did not invoke the trial court's jurisdiction.

While this case was pending, our sister court in Fort Worth, squarely addressed and rejected this argument. In *Norvelle v. PNC Mortg*., 472 S.W.3d 444, 449 (Tex.App.--Fort Worth 2015, no pet.), the defendant maintained that a bank could not foreclose on his house using a petition verified by the bank's attorney because a revision to the Texas Rules of Civil Procedure dealing with sworn complaints before justices of the peace eliminated references to "authorized agents," proving that the Texas Supreme Court intended for every valid petition filed before a

2

justice of the peace to be verified personally by the plaintiff. *Norvelle*, 472 S.W.3d at 445-46 (discussing revisions made to former Rule 739). The Fort Worth Court of Appeals disagreed, holding that other provisions of the Texas Rules of Civil Procedure dealing specifically with forcible detainer actions allow parties to be represented by agents and pleadings to be signed by parties or their attorneys. *Id*. at 447-49. The Court also held that the defendant's proposed reading of the Rules would result in the absurd result of denying corporations their day in court, since a corporation is a legally fictitious entity that must necessarily act through agents because it lacks a corporeal body that can physically "sign" documents. *Id*. at 448-49. Thus, Midfirst complied with the formal requirements of TEX.R.CIV.P. 510.3(a) by having its attorney sign the petition on its behalf.

We find the logic of *Norvelle* to be persuasive in this case. Midfirst's attorney could properly sign the petition on Midfirst's behalf under TEX.R.CIV.P. 510.3(a). The petition was not formally defective, and jurisdiction in the lower courts was proper. Issue One is overruled.

The judgment of the trial court is affirmed.


August 10, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

3