

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00003-CV

BRYAN GAYDOS                                               APPELLANT

V.

FEDERAL NATIONAL MORTGAGE                   APPELLEE
ASSOCIATION, A/K/A FANNIE MAE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 2015-004428-1

----------

## MEMORANDUM OPINION[1]

----------

In three issues, Appellant Bryan Gaydos appeals the trial court's judgment awarding possession of real property to Appellee Federal National Mortgage Association, a/k/a Fannie Mae. We will affirm.

In January 2008, Gaydos executed a deed of trust in favor of Bank of America, N.A. to secure the repayment of a promissory note that he used to

---

[1]*See* Tex. R. App. P. 47.4.

purchase real property. Gaydos later defaulted under the terms of the deed of trust, and Bank of America sold the property to Fannie Mae at a nonjudicial foreclosure sale. Fannie Mae demanded that Gaydos vacate the property, and when he did not, it filed the underlying forcible detainer suit in justice court, seeking sole possession of the property. The justice court awarded judgment to Fannie Mae, as did the county court following an appeal and trial de novo.

Gaydos argues in his first issue that the trial court "did not have before it a pleading on which relief could be granted," and therefore lacked jurisdiction to render judgment in favor of Fannie Mae, because Fannie Mae's original petition contained a verification that was improperly sworn to by its attorney instead of by the plaintiff. *See* Tex. R. Civ. P. 510.3(a) (providing that "a petition in an eviction case must be sworn to *by the plaintiff*" (emphasis added)). We have previously considered the same issue in another cause and concluded that a party's attorney may verify a petition in a forcible detainer action as that party's agent. *See Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 447–49 (Tex. App.—Fort Worth 2015, no pet.) (considering other relevant rules of civil procedure for forcible detainer actions, acknowledging well-settled rule that corporations and other business entities generally may appear in court only through licensed counsel, and reasoning that appellant's unsupported "strict" construction of rule of civil procedure 510.3(a) would "defy the reality that business entities operate through their agents" and "usurp the ability of these entities to have their day in court"); *see also Norvelle v. Beauly, LLC*, No. 02-15-00244-CV, 2016 WL 3452785, at *1

(Tex. App.—Fort Worth June 23, 2016, pet. filed) (mem. op.) (citing *PNC Mortgage* and holding same); *Randle v. Deutsche Bank Nat'l Trust Co.*, No. 05-14-01439-CV, 2016 WL 308711, at *5–6 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op.) (citing *PNC Mortgage* and holding same). And even if the verification was defective, which it was not, the trial court would not have been deprived of jurisdiction. *See Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (holding that defective verification does not deprive trial court of jurisdiction to hear forcible detainer action). We overrule Gaydos's first issue.

In his second issue, Gaydos argues that Fannie Mae was not entitled to rely on the "tenancy at sufferance" language in the deed of trust because Fannie Mae "was not in privity of contract with Gaydos in regard to the claimed lien instrument." Gaydos failed to preserve this issue for appeal because he did not raise it in the trial court.[2] *See* Tex. R. App. P. 33.1(a)(1); *Beauly, LLC*, 2016 WL 3452785, at *2 (holding similarly). We overrule his second issue.

---

[2]Even if the issue had been preserved, it lacks any merit because no privity was required. *See ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (explaining that tenant at sufferance is "not in privity with the owner" of the property). Gaydos became a tenant at sufferance when he refused to surrender possession of the property to Fannie Mae, who as the purchaser of the property, had a superior right to possession. *See id.* ("A tenant at sufferance is one who wrongfully continues in possession of property after his right to possession has ceased and does not assert a claim to superior title."); *see also Jimenez v. Fed. Nat'l Mortg. Ass'n*, No. 02-15-00229-CV, 2016 WL 3661884, at *2–3 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op.) (rejecting similar argument).

Gaydos argues in his third issue that the trial court should have excluded Fannie Mae's business records affidavit because although the affidavit itself was electronically filed, the records that Fannie Mae sought to have introduced into evidence via the affidavit were not. Fannie Mae responds that the clerk's office would not accept the e-filing with the records attached to the affidavit. Therefore, Fannie Mae served both the affidavit and the records upon Gaydos's attorney via email on September 3, 2015, well before the deadline for service prior to the October 1, 2015 trial. *See* Tex. R. Evid. 902(10)(A) (providing that record and affidavit must be served within fourteen days before trial and may be served by any method permitted by rule of civil procedure 21a); Tex. R. Civ. P. 21a (providing that document not filed electronically may be served by email). At trial, when Gaydos objected that there was only a "bare affidavit on file with the court," counsel for Fannie Mae countered, "That's because the court will not accept the exhibits." The trial court did not abuse its discretion by admitting Fannie Mae's business records affidavit and records. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995) (stating that admission or exclusion of evidence is committed to trial court's sound discretion). We overrule Gaydos's third issue.

Having overruled all of Gaydos's issues, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

4

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  December 22, 2016