

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00113-CV

LUIS R. COLON

APPELLANT

V.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT
AS TRUSTEE FOR PRETIUM
MORTGAGE ACQUISITION TRUST

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2015-005687-1

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

---

[1]*See* Tex. R. App. P. 47.4.

In four points in this forcible detainer appeal, Appellant Luis R. Colon appeals the trial court's judgment of possession for Appellee Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust (Wilmington). We affirm.

## II. Factual and Procedural Background

Colon obtained a mortgage, secured by a deed of trust, on the property at issue, 12634 Bay Avenue, Euless, Texas, 76040. After Colon defaulted on the mortgage, Wilmington purchased the property at a nonjudicial foreclosure sale.

Wilmington issued notices to vacate and then filed a petition for forcible detainer in the justice court after Colon failed to vacate the premises.[2] In response, Colon filed a plea in abatement and an original answer subject to that plea. In his plea in abatement, Colon complained that Wilmington's petition did not comply with rule of civil procedure 510.3(a), that Wilmington could not prove that it was properly in the property's chain of title, that Wilmington was not entitled to treat him as a tenant at sufferance, and that there was a title dispute that deprived the justice court of jurisdiction.

At the trial de novo in the county court at law, Wilmington offered, and the trial court admitted into evidence, a certified copy of the deed of trust signed by

---

[2]Wilmington's original petition for forcible detainer is not in the record before this court, but it filed an amended petition for forcible detainer that was verified by its attorney, and this was the live pleading at trial.

Colon,[3] a certified copy of the substitute trustee's deed reflecting the sale of the property to Wilmington, and a business records affidavit attached to the notices to vacate sent to each borrower by both regular and certified mail and to all occupants by first class mail. The trial court awarded possession of the property to Wilmington. After a hearing, the trial court denied Colon's motion for new trial, and this appeal followed.

### III. Analysis

In his first point, Colon contends that Wilmington's pleading was not a valid pleading on which judgment could have been granted because it was not "sworn to by the plaintiff" as required by rule of civil procedure 510.3(a). In making this argument, Colon urges this court to revisit our decision in *Norvelle v. PNC Mortgage*, 472 S.W.3d 444 (Tex. App.—Fort Worth 2015, no pet.). In *Norvelle*, we held,

> [T]he petition filed in the justice court contained a verification sworn to by the Bank's counsel, stating her authority to make the affidavit and swearing that the facts contained in the pleading were both within her personal knowledge and true and correct. As she acted as the Bank's corporeal agent for purposes of instituting the action, this was sufficient to meet rule 510.3(a)'s requirements.

---

[3]The deed of trust specifically provides that if the property is sold under the foreclosure paragraph, "Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession."

3

*Id.* at 449. Wilmington's amended petition for forcible detainer was signed by its counsel and contained a verification by her, stating her authority to make the petition and verification and swearing that the facts contained within the amended petition for forcible detainer were within her personal knowledge and true and correct. Declining Colon's invitation to reconsider *Norvelle*, we overrule his first point.

In his remaining points, Colon argues that Wilmington's pleading was invalid because Wilmington lacked standing to prosecute its claim, that Wilmington was not entitled to rely on the deed of trust's tenancy-at-sufferance language because it was not in privity of contract with Colon, and that Wilmington's business records should not have been considered.

Colon's standing argument goes to the validity of title, not of the eviction, which was the only issue before the trial court and now before us as Colon failed to provide any evidence in the trial court to support the existence of a title dispute sufficient to deprive the trial court of jurisdiction. *See Deubler v. Bank of New York Mellon*, No. 02-16-00390-CV, 2017 WL 2290193, at *2 (Tex. App.—Fort Worth May 25, 2017, no pet. h.) (mem. op.); *A Plus Invs., Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866, at *2 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.) ("The justice courts and the county courts at law are only deprived of jurisdiction to adjudicate a forcible detainer action if the question of title is so intertwined with the issue of possession that possession may not be

4

adjudicated without first determining title." (citing *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied))).

Furthermore, as we stated in *Deubler*, "'[t]o prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.'" 2017 WL 2290193, at *2 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App. —Dallas 2001, no pet.)); *see* Tex. R. Civ. P. 510.3(e) (stating that in a forcible-detainer action, "[t]he court must adjudicate the right to actual possession and not title"); *Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 WL 2545614, at *3 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding that plaintiff in forcible-detainer suit who purchased property in a nonjudicial foreclosure sale need not prove a clear chain of title to it to prove its superior right to possession in relation to the defendant).

Here, Wilmington presented as evidence (1) a certified copy of the August 25, 2008 deed of trust signed by Colon that included a provision that upon a nonjudicial foreclosure sale, Colon would become a tenant at sufferance if he did not surrender possession of the property to the buyer; (2) a substitute trustee's deed reciting that the property secured by the deed of trust was sold to Wilmington at a nonjudicial foreclosure sale and conveying the property to Wilmington; and (3) evidence of the notices to vacate sent to Colon. Colon presented no evidence. Accordingly, the evidence was sufficient to support

5

Wilmington's standing and a judgment in its favor on the issue of possession. We overrule Colon's second point.

As to Colon's tenancy-at-sufferance argument, and specifically with regard to his privity argument, we have previously stated,

> [N]o privity was required. *See ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (explaining that tenant at sufferance is "not in privity with the owner" of the property). Gaydos became a tenant at sufferance when he refused to surrender possession of the property to Fannie Mae, who as the purchaser of the property, had a superior right to possession. *See id.* ("A tenant at sufferance is one who wrongfully continues in possession of property after his right to possession has ceased and does not assert a claim to superior title."); *see also Jimenez v. Fed. Nat'l Mortg. Ass'n*, No. 02-15-00229-CV, 2016 WL 3661884, at *2–3 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op.) (rejecting similar argument).

*Gaydos v. Fed. Nat'l Mortgage Ass'n*, No. 02-16-00003-CV, 2016 WL 7405809, at *1 n.2 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op.); *see also* Tex. Prop. Code Ann. § 24.002(a)(2) (West 2014) (providing that a person who refuses to surrender possession of real property on demand commits a forcible detainer if he "is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease"); *Dyhre v. Hinman*, No. 05-16-00511-CV, 2017 WL 1075614, at *3 (Tex. App.—Dallas Mar. 22, 2017, pet. filed) (mem. op.) (holding that the transfer from the deed of trust trustee to the new buyer, which transferred all deed of trust rights, including the tenancy-at-sufferance rights, to the new buyer, "was sufficient to establish the Owners' landlord-tenant relationship with Occupants and Owners' correlative rights to

6

enforce the deed of trust's tenancy-at-sufferance clause against Occupants"); *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied) (stating that the Lenzes' continued possession of the property following the Bank's notice to vacate created a tenancy at sufferance and that their "status as tenants at sufferance under the deed's Foreclosure Procedure section did not require that the Bank be a beneficiary of the original Deed of Trust in favor of MERS or the owner of the lien when it was foreclosed"). Accordingly, we overrule Colon's third point.

Finally, at trial Colon did not object to the admission of the business records on any ground. *See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). We therefore overrule Colon's final point because he has failed to preserve it for our review. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

## IV. Conclusion

Having overruled all of Colon's points, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: SUDDERTH, KERR, and PITTMAN, JJ.

DELIVERED: July 27, 2017

7