

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00184-CV

_____

BILLY JOE ORTEGA ENRIQUEZ AND ALL OCCUPANTS, Appellant

V.

CAPITAL PLUS FINANCIAL, LLC, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-009429-1

---

Before Gabriel, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

In this forcible-detainer action, the trial court awarded possession of appellant Billy Joe Ortega Enriquez's property to appellee Capital Plus Financial, LLC. Ortega raises four points on appeal. We affirm.

## I.    BACKGROUND

Capital Plus filed its petition for forcible detainer in justice court, and following proceedings in the justice court, Ortega appealed for a trial de novo in the county court. At a bench trial, Capital Plus offered three exhibits to support its claim for possession:

- a note and deed of trust documenting Ortega's mortgage debt to a company called CP Originations Ltd.,

- a substitute trustee's deed documenting (1) CP Origination's assignment of the deed of trust to Capital Plus and (2) Capital Plus's purchase of the property at a foreclosure sale, and

- a notice to vacate sent by Capital Mortgage Servicing, LLC to Ortega.

Ortega asked that the documents be properly authenticated, but he did not otherwise object to their admissibility, and the exhibits were entered into evidence. Based on the exhibits, the trial court rendered judgment awarding possession in favor of Capital Plus. Ortega appeals.

## II. ADEQUACY OF PRESUIT DEMAND

In his first point, Ortega challenges whether proper presuit notice to vacate was made. To establish a superior right to immediate possession, Capital Plus had the burden to prove (1) Capital Plus owns the property, (2) Ortega is either a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession, (3) Capital Plus gave proper notice to Ortega to vacate the premises, and (4) Ortega refused to vacate the premises. *Shields LP v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). Ortega's point concerns the third element.

Ortega concedes that Capital Mortgage Servicing, acting on behalf of Capital Plus, sent him a notice to vacate. However, he says that under the language of the statute, only Capital Plus itself could have properly sent him the notice, and the actions of Capital Plus's agent do not suffice. As support, he quotes the following passage: "The demand for possession must be made in writing *by a person entitled to possession of the property* and must comply with the requirements for notice to vacate under Section 24.005." Tex. Prop. Code Ann. § 24.002(b) (emphasis added). He also makes note of Section 24.005, which he also reads as limiting the types of parties who may send the notice to vacate: "If the occupant is a tenant at will or by sufferance, *the landlord* must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit . . . ." *Id.* § 24.005(b) (emphasis added). Since Capital Plus could qualify as "a person entitled to possession" and "the landlord" with respect to Ortega's

3

property, but Capital Mortgage Servicing would not, he argues that only a demand sent by Capital Plus itself would be sufficient.

But it is well settled that a corporation acts only through its agents. *Bennett v. Reynolds*, 315 S.W.3d 867, 883 (Tex. 2010); *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999). Based on this principle, in *Norvelle v. PNC Mortgage*, we rejected an argument similar to the one that Ortega raises. 472 S.W.3d 444, 449 (Tex. App.—Fort Worth 2015, no pet.). The appellant there cited the rule that "a petition in an eviction case must be sworn to *by the plaintiff*," and he argued that the petition should have been signed by the plaintiff bank itself rather than the bank's agent. *Id.* at 445–46. We disagreed, reasoning that "a corporation or other business entity, as a fictional legal person, cannot literally appear in the flesh and sign anything," but must instead act through its agents. *Id.* at 448. For similar reasons, we do not believe the statute forbids Capital Plus from using Capital Mortgage Servicing as an agent to deliver the demand for possession. Indeed, this sort of agency arrangement is approved and contemplated by the governing rules for this type of suit, which recognize that "in an eviction case," a corporation may "be represented by a *property manager or other authorized agent*." Tex. R. Civ. P. 500.4(b)(2) (emphasis added). Here, the demand for possession described Capital Mortgage Servicing as "managers of the property," and Ortega has effectively conceded that Capital Mortgage Servicing was acting as agent for Capital Plus. Thus, Capital Plus properly acted through Capital Mortgage Servicing in sending the presuit demand. We overrule Ortega's first point.

4

### III. STANDING

In his second point, Ortega argues that certain defects in the foreclosure sale deprive Capital Plus of standing to pursue its claim for possession. Ortega's chain of argument proceeds as follows: because Capital Plus failed to submit an affidavit verifying its observance of certain requirements prior to the sale of the property, there are defects in the sale; because there are defects in the sale, the resulting substitute trustee's deed is invalid; because the substitute trustee's deed is invalid, Capital Plus lacks standing to prosecute its claim; and because Capital Plus lacks standing, its petition is invalid and the trial court lacks jurisdiction.

Standing is a question of law that we review de novo based on the plaintiff's live pleadings, construed liberally in the plaintiff's favor. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149–50 (Tex. 2012). "In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Under Texas law, the standing inquiry begins with determining whether the plaintiff has personally been injured. *Id.* at 485. The second element requires that the plaintiff's alleged injury be "fairly traceable" to the defendant's conduct. *Id.* To establish the third standing requirement, a plaintiff must show that there is a substantial likelihood that the requested relief will remedy the alleged injury. *Id.*

The allegations in Capital Plus's pleadings, taken as true and construed liberally in the company's favor, reveal no defect in standing. *See Heckman*, 369 S.W.3d at 149–

5

50. Capital Plus has alleged a concrete injury suffered personally by the company that is fairly traceable to Ortega's failure to vacate the property, which would likely be resolved by the court's writ of possession. *See Meyers*, 548 S.W.3d at 484–85.

The foreclosure defects of which Ortega complains do not relate to standing and are not at issue in this suit. *See Shields*, 526 S.W.3d at 478. The sole issue in "a forcible-detainer action is the right to immediate possession of real property." *Id.* "Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible-detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible-detainer action." *Martinez v. Cerberus SFR Holdings, LP*, No. 02-19-00076-CV, 2019 WL 5996984, at *3 (Tex. App.—Fort Worth Nov. 14, 2019, no pet. h.) (mem. op.) (cleaned up) (quoting *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.)); *Couch v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00261-CV, 2011 WL 1103684, at *1 (Tex. App.—Fort Worth Mar. 24, 2011, no pet.) (mem. op.). And a "justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right of immediate possession." *Guillen v. U.S. Bank, NA*, 494 S.W.3d 861, 866 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). The county court's jurisdiction on appeal of a forcible entry and detainer judgment is coextensive with that of the justice court. *Id.* Ortega's allegations

6

concerning foreclosure defects relate to the question of which party has the right to title or damages, not standing, and the existence of a quarrel over title does not deprive the justice court, the county court, or this court of jurisdiction. *See id.* We therefore overrule Ortega's second point.

## IV.  ADMISSION OF EVIDENCE

In his third point, Ortega ventures that the trial court abused its discretion by admitting the substitute trustee's deed into evidence. Ortega contends that defects in the affidavit supporting this exhibit should have precluded admission.

However, the record reveals that Ortega never raised his evidentiary objection before the trial court. Just the opposite, when the deed was offered, Ortega stated, "No objection to admissibility." To preserve an evidentiary complaint for appellate review, a party must (1) complain to the trial court by way of a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion. Tex. R. App. P. 33.1(a); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018) (per curiam); *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 234 (Tex. 2011). Ortega has not preserved his complaint. We therefore overrule his third point.

## V.  SUFFICIENCY

In his fourth point, Ortega argues that there is no evidence to show that Capital Plus owns the property or otherwise had the sort of privity with Ortega that would

7

allow Capital Plus to use the deed's tenancy-at-sufferance clause to dispossess him of the property.

When neither party requests findings of fact and conclusions of law following a nonjury trial, all fact findings necessary to support the trial court's judgment are implied. *Shields*, 526 S.W.3d at 480. If the reporter's record is filed on appeal, as it was here, implied findings may be challenged on insufficiency grounds in the same manner as jury findings or a trial court's express findings of fact. *Id.* Evidence is legally insufficient to support a finding when (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* When determining whether legally sufficient evidence supports a finding, we must consider evidence favorable to the finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Id.*

The substitute trustee's deed shows that shortly after origination of the mortgage, CP Originations assigned the mortgage to Capital Plus. Further, the substitute trustee's deed shows that Capital Plus purchased the property outright at a foreclosure sale, making Capital Plus the rightful owner. The substitute trustee's deed gave Capital Plus a right to enforce the tenancy-at-sufferance clause against Ortega. Viewed in the light most favorable to Capital Plus, the evidence is sufficient to demonstrate Capital Plus's ownership of the property. *See id.* We overrule Ortega's fourth and final point.

8

## VI.    CONCLUSION

We affirm the trial court's judgment of possession.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  February 13, 2020