

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00286-CV

_____

CODY HOWARD AND CMH GROUP, INC., Appellants

V.

UNDERWOOD FLP, LTD., Appellee

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV21-1806

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

### I. Introduction

Appellee Underwood FLP, Ltd. won a default judgment against Appellants Cody Howard and CMH Group, LLC for $162,500, plus $2,000 in attorney's fees. Howard and CMH filed a pro se "Motion to Set Aside Default Judgment and Notice of Hearing," which was denied by operation of law, and the trial court did not rule on their motion to reconsider.

In three issues, Howard and CMH complain that the trial court erred by denying their motion and hearing request and by granting the default judgment when Howard was not personally served. Because the trial court did not abuse its discretion by denying their motion and hearing request and because Howard failed to meet *Craddock*'s requirements,[1] we affirm.

### II. Background

Underwood alleged that Corey and Lindsey Howard d/b/a Accu-Arms executed two promissory notes payable to Underwood and then transferred them to Howard. Howard then transferred the notes' collateral to CMH, which sold the collateral for $325,000 but did not give Underwood its share of the sales proceeds despite their agreement to divide them. Underwood alleged, "After the equipment was

---

[1]*See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

sold, Defendants only paid the Promissory Notes but did not pay the one half of the profit by [sic] agreed to by the parties."

On November 23, 2021, a citation was issued for CMH for service on its registered agent, United States Corporation Agents, Inc., at an Austin address, and a citation was issued for Howard at his Fort Worth home address.[2] The constable's return of service as to CMH states that CMH's registered agent was served on December 6 at 12:49 p.m.

On December 9, a deputy constable filed a "Request for Rule 106," *see* Tex. R. Civ. P. 106, as to Howard, averring that on December 1, at 3:06 p.m., he "attempted service[;] no contact[;] left card with wife[;] address confirmed." He attempted service on Howard again the next day at 9:10 a.m., resulting in another "attempted service[;] no contact," and again on December 9 at 10:05 a.m., resulting in another "attempted service[;] no contact." The deputy constable then requested permission "to attach a copy to the front door of [Howard's] address" because he "ha[d] reason to believe that the above named defendant is avoiding delivery of process" and that service could not otherwise be obtained.

Underwood's counsel filed a Rule 106 motion for substitute service on January 12, 2022, based on the deputy constable's request. The trial court granted the motion, allowing service by attaching a copy of the citation and original petition to

---

[2]No one disputes the citation addresses' accuracy so we do not include them.

Howard's front door "or by serving anyone over the age of eighteen located at said address." The constable's return was filed on February 22, noting that citation was executed on February 14, at 8:45 a.m. "by delivering to CODY HOWARD at [Howard's address]."

On April 19, Underwood filed a motion for no-answer default judgment against Howard and CMH, seeking half of the profits from the collateral's sale and $2,000.24 in attorney's fees. Underwood attached to the motion the affidavits of Underwood's attorney and of Anthony Underwood, the president of Underwood's general partner. The trial court granted the default judgment the next day. The judgment stated that Howard and CMH were indebted to Underwood for $162,500, "being the one half of profit from the sale of the equipment pursuant to the agreement between the parties," and awarded $2,000 in attorney's fees, plus interest.

On May 5, Cody filed a pro se motion to set aside the default judgment and a notice of hearing for himself and CMH, using a TexasLawHelp.org form. The form motion contained instructions to "[c]*heck box 5a or box 5b*." Howard checked box 5a, "Lack of Notice," and checked "I did not file an answer because I was not properly served with citation." He then wrote the following explanation in response to instructions to "[s]*tate specific facts that show how your failure to file an answer or failure to appear at the hearing was due to improper service or improper notice of the hearing*":

> I was out of town working, and Constable came to my residence and spoke to my wife in regards to my brother, he was attempting to serve. I had no idea he then came back looking for me. We were then served by

him taping it to the door we do not use as common entrance. Upon returning from vacation over Valentine week, I knoticed [sic] the paper on the door. I missed the 20 day time period.

Notwithstanding the form's directions to check either box 5a or box 5b, Howard also checked box 5b, "Accident or Mistake," and wrote the following explanation: "The Service cited on my LLC was never addressed to my address. The address it was served to was Legal Zoom the address provided by them through formation. The address on record for CMH Group LLC is [Howard's address]." The form required stating specific facts for a meritorious defense if box 5b was checked, and Howard wrote:

> I [h]ave reciept [sic] of payment from wire transfer for prommissory [sic] note, provided in promissory note. There is zero Fact to support any involvement to CMH Group LLC. whatsoever.

> Also, no evidence exists to colaborate [sic] the here say [sic] associated with this case to include myself or CMH Group LLC.

Box 5b also contained a boilerplate statement that "[a] new trial in this case will not cause delay or harm the other party."

The form contained a notice of hearing with spaces to complete with date, time, and location, which Howard did not fill out, and a certificate of service with checkboxes to indicate how a copy of the document was delivered to each party in the case. Although Howard signed the certificate of service, he did not check any of those boxes. The trial court did not rule on the motion, and it was overruled by operation of law on July 5. *See* Tex. R. Civ. P. 329b(c). Howard and CMH hired counsel, who

5

timely filed a notice of appeal on July 19, and then on August 3, their counsel filed a motion for reconsideration to which Howard's "supplemental declaration" was attached.

### III. Discussion

Howard and CMH argue that the trial court erred by (1) overruling their motion to set aside default judgment; (2) refusing their request for a hearing on the motion; and (3) granting a default judgment when Howard was not personally served. They further argue that Howard's motion showed evidence of an accident or mistake, a meritorious defense, and no undue delay or harm.

### A. CMH

Howard attempted to include CMH in his pro se motion to set aside the default judgment, but he could not represent CMH because, generally, under Texas Rule of Civil Procedure 7, a person can only represent himself pro se and cannot litigate rights in a representative capacity. *See* Tex. R. Civ. P. 7 ("Any party to a suit may appear and prosecute or defend *his* rights therein, either in person or by an attorney of the court." (emphasis added)); *Funmilayo v. Aresco, LP*, No. 05-20-00492-CV, 2021 WL 5578019, at *4 (Tex. App.—Dallas Nov. 30, 2021, no pet.) (mem. op.); *see also In re Guardianship of Jones*, No. 02-19-00187-CV, 2022 WL 3458736, at *11 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (mem. op.) (holding that when unrepresented party did not present her own complaint to the trial court, she failed to preserve it for appellate review); *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 447 (Tex.

6

App.—Fort Worth 2015, no pet.) ("It is well-settled that corporations and other business entities generally may appear in courts only through licensed counsel."); *cf. In re Gerstner*, No. 02-15-00315-CV, 2015 WL 6444797, at *1–2 (Tex. App.—Fort Worth Oct. 23, 2015, orig. proceeding) (mem. op.) (noting that "[a] sole proprietorship may appear in court pro se through its sole proprietor" because a sole proprietorship is, in law and in fact, "one and the same as the person who is the sole proprietor").

Because CMH, an LLC, did not have counsel file its own motion to set aside the default judgment and to request a hearing, it has not preserved these complaints for our review, and we overrule this portion of Howard and CMH's first and second issues. *See Jones*, 2022 WL 3458736, at *11; *Norvelle*, 472 S.W.3d at 447.

## B. Howard

We review for an abuse of discretion a trial court's denial of a motion for new trial. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). Under the long-familiar standard set out in *Craddock*, a trial court's discretion is limited, and it must set aside a default judgment if (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference but rather due to an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will not result in delay or prejudice to the plaintiff. *Id.* When a motion for new trial presents a fact question upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial. *Id.* The defaulting party has the burden of setting forth facts

establishing all three *Craddock* elements. *Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 639 (Tex. App.—Texarkana 2016, no pet.). When no hearing is held, we look to the motion for new trial and any accompanying affidavits to determine if that burden is met. *Id.*

Further, when a default judgment is attacked by a motion for new trial, the critical question is "Why did the defendant not appear?" *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). If the answer to this critical question is "Because I didn't get the suit papers," the default judgment generally must be set aside. *Id.* at 574. But if the answer to the critical question is "I got the suit papers but then . . . ," the default judgment should be set aside only if the defendant proves the *Craddock* elements. *Id.*

Although Howard stated in his motion that he did not file an answer because he was not properly served, he acknowledged having been served with the citation and petition, which he discovered taped to the door when he returned from vacation over "Valentine week," the citation reflects that he was served on Valentine's Day, and his only accident-and-mistake allegation on the form pertained to CMH's citation. Although Howard attached a supplemental unsworn declaration containing more information to his motion to reconsider, the declaration may not be considered because it was filed almost a month after he filed his notice of appeal. *See Barrett v. Westover Park Cmty. Ass'n*, No. 01-10-01112-CV, 2012 WL 682342, at *3 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.) (stating that affidavits executed

8

after the default judgment case reached the court of appeals "are not a part of the appellate record, and [the court] may not consider them" and noting that extrinsic evidence is necessary to contradict facts stated in a process server's affidavit); *see also* Tex. R. Civ. P. 329b(b) ("One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.").[3]

Because Howard's motion contains no accident-or-mistake explanation regarding *his* failure to answer, the trial court did not abuse its discretion by denying the motion.[4] *See Sandoval*, 619 S.W.3d at 721; *Action Powersports*, 500 S.W.3d at 639. The form motion also shows that Howard did not schedule a hearing. *See Kinara v. Ongera*, No. 02-22-00068-CV, 2022 WL 17037421, at *5 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.) ("[N]o abuse of discretion occurs when the first *Craddock* factor is contested and the record fails to show any attempt to obtain an evidentiary

[3]Howard's supplemental declaration also does not meet Section 132.001(d)'s jurat requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(d). As such, even if it had been timely, it would not support the motion. *See Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702 (Tex. 2019).

[4]Howard stated in his motion that he had a receipt of payment for the promissory note and that no evidence existed to include him in the lawsuit as meritorious defenses, but the record reflects that the default judgment is not based on the note, and in a no-answer default judgment, the non-answering party is said to have admitted both the truth of facts set out in the petition and his liability on any cause of action properly alleged by those facts except for unliquidated damages. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012).

hearing on such a motion."). We overrule the remainder of Howard and CMH's first and second issues and their third issue.

## IV. Conclusion

Having overruled Howard and CMH's issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 25, 2023