ELIZABETH KERR, JUSTICE
In four issues, Tony and Cynthia Jimenez appeal from the trial court's judgment awarding possession of real property to Appellee David McGeary. We affirm.
Background
In August 2010, Metlife Home Loans foreclosed on the Jimenezes' home and then sold the property to Federal National Mortgage Association. Jimenez v. Fed. Nat'l Mortg. Ass'n , No. 02-15-00229-CV, 2016 WL 3661884, at *1 (Tex. App.-Fort Worth July 7, 2016, no pet.) (mem. op.). Four years later, FNMA filed a forcible-detainer action. See id. The county court awarded FNMA possession of the property, and the Jimenezes appealed. Id. We affirmed the trial court's judgment. See id. at *2-3.
While the appeal was pending, FNMA sold the property to McGeary and his son in June 2016.[1] In August 2016, McGeary demanded that the Jimenezes vacate the property. When they refused, McGeary filed a forcible-detainer action in justice court. The justice court entered an order *812 evicting the Jimenezes, and they appealed to county court. After a trial de novo, the county court entered a judgment for possession of the property in McGeary's favor.
Discussion
In their first issue, the Jimenezes contend that the trial court erred by not filing findings of fact and conclusions of law despite their timely request under rule 296. See Tex. R. Civ. P. 296 (requiring litigants to file a request for findings and conclusions within 20 days of the final judgment). But because the Jimenezes did not file the necessary follow-up notice of past-due findings, they waived their right to complain on appeal about the lack of findings and conclusions. See Tex. R. Civ. P. 297 (requiring litigants to file a notice of past-due findings when the trial court does not file findings within 20 days); Las Vegas Pecan & Cattle Co., Inc. v. Zavala Cty. , 682 S.W.2d 254, 255 (Tex. 1984) ("Without [the] timely reminder [that rule 297 requires], [the requesting party] waived its complaint of the failure on appeal."); Commercial Servs. of Perry, Inc. v. Wooldridge , 968 S.W.2d 560, 563 (Tex. App.-Fort Worth 1998, no pet.) ("The failure to file a notice of past[-]due findings of fact waives the right to complain about the trial court's failure to file findings of fact and conclusions of law."). We overrule the Jimenezes' first issue.
In their third issue, the Jimenezes complain that McGeary should have joined his son (the property's other owner) as an indispensable party plaintiff and that McGeary's failure to do so deprived the trial court of jurisdiction. An indispensable party is one whose presence is required for a just adjudication of the case. See generally Tex. R. Civ. P. 39. A forcible-detainer action is used to determine the superior right to actual and immediate possession of real property. See Tex. R. Civ. P. 510.3(e) (stating that in a forcible detainer action, "[t]he court must adjudicate the right to actual possession and not title"); see also Diffley v. Fed. Nat'l Mortg. Ass'n , No. 02-13-00403-CV, 2014 WL 6790043, at *1 (Tex. App.-Fort Worth Nov. 26, 2014, no pet.) (mem. op.); Williams v. Bank of New York Mellon , 315 S.W.3d 925, 926-27 (Tex. App.-Dallas 2010, no pet.). The only issue in a forcible-detainer action is which party has the superior right to immediate possession. See Dyhre v. Hinman , No. 05-16-00511-CV, 2017 WL 1075614, at *2 (Tex. App.-Dallas Mar. 22, 2017, pet. denied) (mem. op.) (citing Williams , 315 S.W.3d at 927 ); Rice v. Pinney , 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.).
Because the only issue in this case in the trial court was who, as between the Jimenezes and McGeary, had the superior right to immediate possession of the property, McGeary's son was not an indispensable party. Moreover, "[a] failure to join 'indispensable' parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court." Browning v. Placke , 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding).
Also as part of their third issue, the Jimenezes complain that the notices to vacate were insufficient under property code sections 24.002 and 24.005 because they were not made on behalf of both owners. See Tex. Prop. Code Ann. § 24.002 (West 2014), § 24.005 (West Supp. 2017). The Jimenezes do not cite, nor have we found, any authority to support this proposition. The Jimenezes also contend that the notices to vacate were made on McGeary's son's behalf, not on McGeary's. McGeary testified that he purchased the property but that both he and his son were named as owners on the deed. The special warranty *813 deed admitted into evidence listed David E. McGeary and David E. McGeary, Sr. as grantees. Two notices to vacate (one to each of the Jimenezes) sent on behalf of "David McGeary" were also admitted into evidence. McGeary's attorney stated, "We sent [a notice] to both of the Defendants." [Emphasis added.] As McGeary's son was not at trial, we conclude that this was sufficient to establish that the notices to vacate were sent on McGeary's behalf. We overrule the Jimenezes' third issue.
In their second issue, the Jimenezes complain that McGeary's live pleading was "not a valid pleading on which judgment could have been granted" because it was improperly verified by McGeary's attorney instead of by McGeary, and the trial court therefore lacked jurisdiction to hear this case and render judgment in McGeary's favor.[2] See Tex. R. Civ. P. 510.3(a) (providing that "a petition in an eviction case must be sworn to by the plaintiff"). We have considered this same issue on numerous occasions involving corporate plaintiffs, and each time we have concluded that a party's attorney may verify a petition in a forcible-detainer action as that party's agent. See, e.g. , Colon v. Wilmington Sav. Fund Soc'y , No. 02-16-00113-CV, 2017 WL 3184695, at *1-2 (Tex. App.-Fort Worth July 27, 2017, pet. denied) (mem. op.); Deubler v. Bank of New York Mellon , No. 02-16-00390-CV, 2017 WL 2290193, at *1 (Tex. App.-Fort Worth May 25, 2017, pet. denied) (mem. op.); Jimenez , 2016 WL 3661884, at *2 ; Gaydos v. Fed. Nat'l Mortg. Ass'n , No. 02-16-00003-CV, 2016 WL 7405809, at *1 (Tex. App.-Fort Worth Dec. 22, 2016, no pet.) (mem. op.); Norvelle v. PNC Mortg. , 472 S.W.3d 444, 447-49 (Tex. App.-Fort Worth 2015, no pet.).
We see no reason why this conclusion should not extend to eviction cases in which the plaintiff is a natural person rather than an entity of some sort. As we noted, rule 510.3(a) provides that "a petition in an eviction case must be sworn to by the plaintiff." Tex. R. Civ. P. 510.3(a). In Norvelle , we concluded that rule 510 did not conflict with the rest of the rules governing eviction cases[3] and held that the language of rule 510.3(a), "when read in the context of the other rules of this section, clarifies who may sign a petition and swear to the facts contained therein." 472 S.W.3d at 447 & n.3. Rule 500.2 defines "plaintiff" as "a party who sues," and a "party" as "a person or entity involved in the case that is either suing or being sued, including all plaintiffs, defendants, and third parties that have been joined in the case." Tex. R. Civ. P. 500.2(u), (s) . Rule 500.4 provides that, in an eviction case, individuals may represent themselves or have an authorized agent or attorney represent them and that corporations or other entities may be represented by nonattorney employees, owners, officers, or partners, by a property manager or other authorized agent, or by an attorney.
*814 Tex. R. Civ. P. 500.4(a), (b). And except for oral motions made during trial or when all parties are present, "every pleading, plea, motion, application to the court for an order, or other form of request must be written and signed by the party or its attorney and must be filed with the court." Tex. R. Civ. P. 502.1.
Here, the petition contained a verification sworn to by McGeary's counsel, stating his authority to make the verification and swearing that the facts contained in the pleading were both within his personal knowledge and true and correct. As he acted as McGeary's agent for purposes of instituting the case, this sufficed to meet rule 510.3(a) 's requirements. But even if the verification here were defective, the trial court still would have had jurisdiction. See Fleming v. Fannie Mae , No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.-Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (holding that defective verification does not deprive county court of jurisdiction to hear a forcible-detainer action); see also Norvelle , 472 S.W.3d at 446 (stating same and citing Fleming and other cases holding same). We overrule the Jimenezes' second issue.
In their final issue, the Jimenezes assert that McGeary was not entitled to possession of the property because (1) he could not rely on the tenancy-at-sufferance language in the foreclosed-upon home-equity security agreement because he "was not in privity of contract with [the] Jimenez[es] in regard to the claimed lien instrument," and (2) he failed to offer the home-equity security agreement or any other evidence to show that the Jimenezes were tenants at sufferance.
A tenant at sufferance who refuses to surrender property on demand commits a forcible detainer. Tex. Prop. Code Ann. § 24.002(a)(2). As we noted in Jimenez , the home-equity security instrument contained a tenancy-at-sufferance clause providing that the Jimenezes would become tenants at sufferance if they did not surrender possession of the property to the buyer at the foreclosure sale. 2016 WL 3661884, at *2. The Jimenezes are correct that McGeary did not offer the security instrument into evidence. But such evidence was unnecessary to establish the Jimenezes' status as tenants at sufferance because such a tenancy is created when one wrongfully continues in "naked possession of property" after his right to possession has ended and does not assert a claim to superior title. Williams v. Deutsche Bank Nat'l Trust Co. , No. 05-11-00434-CV, 2012 WL 1899156, at *2 (Tex. App.-Dallas Apr. 27, 2012, no pet.) (mem. op); ICM Mortg. Corp. v. Jacob , 902 S.W.2d 527, 530 (Tex. App.-El Paso 1994, writ denied) ; see Goggins v. Leo , 849 S.W.2d 373, 377 (Tex. App.-Houston [14th Dist.] 1993, no writ) ("A tenant at sufferance does not have privity with the landlord but is merely an occupant in naked possession after his right to possession has ceased.") No contract is required for a party to be subject to a forcible-detainer action. Brooks v. Wells Fargo Bank, N.A. , No. 05-16-00616-CV, 2017 WL 3887296, at *9 (Tex. App.-Dallas Sept. 6, 2017, no pet.) (mem. op.). "In the absence of a legally enforceable agreement, such as a lease or rental agreement or a contract to sell, an occupier of premises is at best a tenant at sufferance and at worst a trespasser." Fandey v. Lee , 880 S.W.2d 164, 169 (Tex. App.-El Paso 1994, writ denied) (op. on reh'g). "Under such circumstances, the record title owner of the premises would be entitled to possession, after notice and demand, by merely showing 'sufficient evidence of ownership to demonstrate a superior right to immediate possession.' " Id. (quoting Goggins , 849 S.W.2d at 377 ).
*815 The special warranty deed in evidence established that McGeary was one of the property's owners. See Rice , 51 S.W.3d at 709 ("To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession."). The Jimenezes' continued possession of the property following McGeary's notices to vacate created a tenancy at sufferance. See Williams , 2012 WL 1899156, at *2. Evidence of the Jimenezes' tenancy at sufferance, along with the notices to vacate, established McGeary's right to immediate possession of the property. See index="31" url="https://cite.case.law/citations/?q=2012%20WL%201899156">id. We overrule the Jimenezes' fourth issue.
Conclusion
Having overruled each of the Jimenezes' four issues, we affirm the trial court's judgment.

Neither the Jimenezes nor FNMA informed us that the property had been sold to the McGearys until after we issued mandate in that appeal.

The Jimenezes complain on appeal that McGeary's son was also required to verify the petition. But because the Jimenezes did not raise this argument in the trial court, they did not preserve it for our review. See Saenz v. U.S. Bank Nat'l Ass'n , No. 02-13-00221-CV, 2014 WL 1096042, at *2 (Tex. App.-Fort Worth Mar. 20, 2014, pet. dism'd w.o.j.) (mem. op.) (concluding that appellant "waived the lack of sufficient verification by failing to raise it in his plea in abatement or his motion for new trial"). Even if they had preserved this complaint, it lacks merit because, as we explained above, McGeary's son was not, nor was he required to be, a party to the suit.

As set out in rule 500.3(d), eviction cases are governed by rules 500-507 and 510, and to the extent there are any conflicts between rule 510 and the rest of those rules, rule 510 applies. Tex. R. Civ. P. 500.3(d).