

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00440-CV

_____

SHEIK TEHUTI, Appellant

V.

HA TO TU, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2017-006596-1

Before Sudderth, C.J.; Pittman and Bassel, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

In this forcible detainer case, the county court rendered judgment awarding possession of the property to Appellee Ha To Tu. In four issues, Appellant Sheik Tehuti argues that the trial court erred: (1) in failing to file findings of fact and conclusions of law; (2) in hearing the case and rendering judgment because Tu's petition was not a pleading on which judgment could be granted; (3) in rendering judgment because the court did not have before it all indispensable parties; and (4) in granting judgment for possession when Tu failed to show he was entitled to rely on tenancy-at-sufferance language in the deed of trust to establish his superior right to possession. Because we hold that Tehuti's appeal is moot, we dismiss the appeal.

## BACKGROUND

In 2004, Tehuti obtained a loan secured by property on Manordale Court in Forest Hill, Texas, and in February 2016, the lender foreclosed on the property. The lender bought the property at the foreclosure sale and in July 2016 sold the property to Tu. In September 2017,[1] Tu filed a petition for forcible detainer in the justice court naming Tehuti as defendant and seeking possession of the property. After the justice court granted possession to Tu, Tehuti appealed to the county court.

---

[1] In March 2017, our sister court of appeals issued a decision in Tehuti's appeal from the lender's forcible detainer suit against him. *See Tehuti v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, 517 S.W.3d 270 (Tex. App.—Texarkana 2017, no pet.).

Among the documents Tehuti filed pro se with the county court was a "Motion to Transfer, Bankruptcy Fraud," which included the statement, "Violation of Bankruptcy Injunction claim Plaintiff Sheik Tehuti to the property 3416 Manordale Court, Forest Hill, Texas pool by GMAC" and included a reference to "In re GMAC Case No. 1:12-bk-12029."[2] In the document, Tehuti requested that the case be transferred to a bankruptcy court. By an attached affidavit, Tehuti clarified that the bankruptcy case he referenced was one filed by GMAC Mortgage Corp. (GMAC), and he complained that ownership[3] of the deed of trust securing his note had been transferred without GMAC providing notice to the bankruptcy court.

At trial, Tu produced a copy of the foreclosure sale deed, the deed conveying the property to him, and a demand made on Tehuti and all occupants for possession of the premises. The county court signed a judgment granting possession to Tu, taxing costs against Tehuti, and ordering the issuance of a writ of possession. Tehuti now appeals.

---

[2]On appeal, Tehuti refers to a bankruptcy case with the docket number 1:12-bk-12020, in which the debtor is GMAC Mortgage.

[3]The foreclosure sale deed lists the original mortgagee as "Mortgage Electronic Registration Systems, Inc (MERS) as Nominee for Available Mortgage Funding LLC, Its Successors and/or Assigns" and the then-current mortgagee as "The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2004-KSS."

3

## DISCUSSION

### I.     Failure to Supersede May Result in Mooting a Forcible Detainer Appeal.

The only issue in a forcible detainer action is the right to actual possession of the property; the merits of title to the property may not be adjudicated in such a proceeding. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). If the county court grants a forcible detainer judgment against the defendant and the defendant fails to supersede the judgment, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See id.* at 786. In such a case the failure to supersede the judgment moots the appeal unless the defendant (1) timely and clearly expressed the intent to appeal and (2) the appellate relief requested is not futile, that is, the defendant "held and asserted a potentially meritorious claim of right to current, actual possession of the [property]." *Id.* at 787.

Here, Tehuti did not supersede the judgment, and he acknowledges in his brief that he is no longer in possession of the property. Tehuti's appeal is therefore moot unless he has asserted a potentially meritorious claim of right to current, actual possession of the property. Our review of his brief indicates that he has not.

### II.    Tehuti Does Not Raise a Potentially Meritorious Claim of Right to Current, Actual Possession.

Under his first issue, Tehuti asserts that the county court erred in (1) failing to file findings of fact and conclusions of law and (2) usurping a bankruptcy court's

4

pending case and violating that court's injunction. Regarding Tehuti's first argument, even if he had requested findings and conclusions—which he did not[4]—the trial court's failure to make findings and conclusions does not confer on Tehuti a legal or possessory interest in the property. Regarding his second contention, Tehuti relies not on his own bankruptcy filing but on GMAC's. A judgment that violates the Bankruptcy Code's automatic stay is void. *York v. State*, 373 S.W.3d 32, 34 (Tex. 2012). But it is axiomatic that the automatic stay is for the debtor's benefit, and "nonbankrupt parties cannot use the stay to their advantage"—"[n]onbankrupt parties have no substantive or procedural rights in the stay, other than to request their own relief from it." *Lisanti v. Dixon*, 147 S.W.3d 638, 642 (Tex. App.—Dallas 2004, pet. denied). While in some cases the stay may be extended to stay proceedings against nondebtors when "the assets of the bankruptcy estate would be jeopardized," *see id.* at 641, nothing in the record here supports an argument that this forcible detainer action will or even potentially could jeopardize a bankruptcy estate's assets. Tehuti's argument does not raise a potential claim of right to possession.

In Tehuti's second issue, he asserts that Tu's pleadings were not sworn as required by Texas Rule of Civil Procedure 510.3. *See* Tex. R. Civ. P. 510.3(a). In his third issue, he argues that Tu's wife is also an indispensable party and that there are

---

[4]*See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (stating that in a nonjury trial, where no findings of fact or conclusions of law are filed or requested, the trial court's judgment implies all necessary findings to support it).

two persons named Ha To Tu claiming to own the property, both of whom are indispensable parties and one of whom was not named as a plaintiff.[5] Not only does the record wholly contradict these claims, these procedural arguments do not raise a potential claim for right of possession to the property. *See Jimenez v. McGeary*, 542 S.W.3d 810, 812, 814 (Tex. App.—Fort Worth 2018, pet. denied) (holding that property's co-owner was not an indispensable party to forcible detainer action and that defective verification did not deprive county court of jurisdiction over the suit).

As for Tehuti's fourth and final issue, it also does not raise a potentially meritorious claim of right to possession. Tehuti asserts that because Tu failed to introduce into evidence the deed of trust giving rise to the foreclosure, he failed to show that he was entitled to rely on "tenancy at sufferance" language in the deed of trust to establish a superior right to possession. But Tu was not required to prove the deed of trust contained such language before Tehuti could be evicted as a tenant at sufferance, and Tehuti makes no other argument for why he was not a tenant at sufferance. *See id.* at 814 (noting that a tenancy at sufferance "is created when one wrongfully continues in 'naked possession of property' after his right to possession has ended and does not assert a claim to superior title" and that "[u]nder such circumstances, the record title owner of the premises would be entitled to possession,

---

[5]From the language of his brief, it is unclear if Tehuti argues that Ha and his wife both claim to own the property and are both named Ha To Tu or if he argues that, in addition to Ha's wife, two separate persons named Ha To Tu claim to own the property. Neither argument has support in the record.

after notice and demand, by merely showing sufficient evidence of ownership to demonstrate a superior right to immediate possession" (citations and internal quotation marks omitted)); *see also Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 920 (Tex. 2013) (stating that a tenant with no legal or possessory interest in the property is a tenant at sufferance). Tehuti makes no argument for why *he* is entitled to current, actual possession, such that he should be granted re-entry. Tehuti no longer has actual possession of the property, and he does not assert ownership of the property, the existence of a lease for the property that survived the foreclosure, or some other legal or possessory interest in the property.

Because Tehuti did not supersede the judgment, is no longer in possession of the property, and raised no potentially meritorious claim of right to current, actual possession of the property, his appeal is moot.

## <u>CONCLUSION</u>

Because Tehuti's appeal is moot, we dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: March 14, 2019

7