

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00319-CV
_____

ANDREA K. RANDLE, APPELLANT

V.

AT OWNER 18, L.P., APPELLEE

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. 2022-02311-JP, Honorable Robert Ramirez, Presiding

September 20, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Andrea K. Randle, proceeding pro se and *in forma pauperis*, appeals from the trial court's *Final Judgment* awarding Appellee, AT Owner 18, L.P., immediate possession of the premises and finding her liable for $12,920 in attorney's fees in a forcible detainer suit. By her brief, Randle presents five issues as follows: (1) in justice court, the judgment was based on hearsay and the allegations had no merit or substance; (2) on appeal to county court at law, the decision was based on hearsay; (3) in justice

court, "obvious evidence" was disregarded and the evidence presented was not credible; (4) her counter suit was not addressed or acknowledged by the county court at law; and (5) the county court at law judge was not impartial.[1]  We affirm.

## BACKGROUND

AT Owner 18 filed a forcible entry and detainer suit to evict Randle from an apartment complex for breaching the terms of her lease by allowing an individual not listed on the lease to reside with her.  AT Owner 18 also alleged the lease was violated by threats of harm with a firearm to another tenant of the complex.  Randle responded to the suit with an *Affidavit of Truth* averring that security for her apartment complex continuously harassed her and her son.  She also claimed "irritated" neighbors made false complaints to the leasing office.  A jury found in favor of AT Owner 18 and Randle appealed to the county court at law.

Randle filed a motion for summary judgment and a counter suit.  She alleged the apartment complex had refused maintenance requests and conspired, retaliated, and discriminated against her.  She also asserted the alleged lease violations were invalid. The trial court awarded possession of the premises to AT Owner 18 and ordered immediate removal of Randle's possessions.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

## APPLICABLE LAW

Forcible detainer actions are governed by Rule 510 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 510. In such suits, the only issue adjudicated is the right to actual possession. *See* TEX. R. CIV. P. 510.3(e). *See also Jimenez v. McGeary*, 542 S.W.3d 810, 812, 814 (Tex. App.—Fort Worth 2018, pet. denied).

### ISSUES ONE AND THREE—JUSTICE COURT COMPLAINTS

Randle raises evidentiary issues of hearsay and "obvious evidence" which the justice court disregarded. A justice court's judgment is appealed to county court for de novo review. TEX. R. CIV. P. 510.9(a), 510.10(c). This Court does not have jurisdiction over complaints regarding alleged errors in a forcible detainer suit in justice court. *Wethy v. Fannie Mae*, No. 02-17-00329-CV, 2019 Tex. App. LEXIS 4280, at *2 (Tex. App.—Fort Worth May 23, 2019, no pet.) (mem. op.). Issues one and three are overruled.

### ISSUE TWO—HEARSAY

Randle asserts the county court at law's judgment is based on hearsay. She had the burden to bring forward a sufficient record showing alleged error by the trial court. *Remigio v. Armenta*, No. 02-21-00298-CV, 2022 Tex. App. LEXIS 4670, at *3 (Tex. App.—Fort Worth July 7, 2022, no pet.) (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). Whereas here, Randle did not request preparation of a reporter's record, we have no way to determine whether the trial court abused its discretion in admitting evidence.[2] *Ex parte D.K.*, No. 02-22-00020-CV,

---

[2] This appeal was remanded to the trial court to determine why a reporter's record had not been filed. The trial court found Randle never requested designation or preparation of the record and directed

3

2022 Tex. App. LEXIS 7963, at *5–6 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op.).  Therefore, we must presume any evidence presented in the trial court was sufficient to support the judgment.  *Id.*  Issue two is overruled.

ISSUE FOUR—COUNTERSUIT

Randle complains of the trial court's disregard for her countersuit.  Rule 510.3(e) provides that in a forcible detainer suit, the only issue is actual possession.  TEX. R. CIV. P. 510.3(e).  It recites "[c]ounterclaims . . . are not permitted in eviction cases."  *Id.*  Thus, the trial court did not err in declining to rule on her countersuit.  Issue four is overruled.

ISSUE FIVE—TRIAL COURT'S IMPARTIALITY

Randle argues the county court at law judge was not impartial.  Rule 18b of the Texas Rules of Civil Procedure provides the grounds for recusal or disqualification of a judge.  TEX. R. CIV. P. 18b.  The scope of review for a claim of an impartial judge is the entire record.  *Akin v. State,* 2011 Tex. App. LEXIS 6408, at *15 (Tex. App.—Fort Worth Aug. 11, 2011, pet. ref'd) (mem. op., not designated for publication).  Once again, without a reporter's record, this Court is unable to review a claim of impartiality.  TEX. R. APP. P. 37.3(c).  Issue five is overruled.

---

the court reporter to provide an affidavit to that effect.  *Randle v. AT Owner 18*, *L.P.*, No. 07-22-00319-CV, 2023 Tex. App. LEXIS 1455, at *2 (Tex. App.—Amarillo March 7, 2023, order).  By letter, this Court admonished Randle that only issues which could be reviewed without a reporter's record would be considered.  *See* TEX. R. APP. P. 37.3(c).

4

**CONCLUSION**

The trial court's *Final Judgment* is affirmed.


Alex Yarbrough
Justice