**Opinion filed December 18, 2025**



# In The

# Eleventh Court of Appeals

_____

## No. 11-24-00125- CV

_____

## FRANK LUCIO, Appellant

## V.

## RACHEL ARMENDAREZ, Appellee

**On Appeal from the County Court at Law No. 1**
**Tarrant County, Texas**
**Trial Court Cause No. 2023-007136-1**

## M E M O R A N D U M   O P I N I O N

A forcible detainer action was initiated by Appellee, Rachel Armendarez, in which she sought possession of the subject property resided in by Appellant, Frank Lucio, "and all occupants."[1]  The justice court awarded possession of the property

---

[1]Pursuant to Misc. Docket Order No. 24-9013 issued by the Texas Supreme Court on March 21, 2024, this appeal was transferred to us from the Second Court of Appeals.  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

to Armendarez and, in the de novo trial on appeal from the justice court's decision, the county court at law also awarded possession to Armendarez. *See* TEX. PROP. CODE ANN. § 24.004(a) (West Supp. 2025); TEX. R. CIV. P. 510.9, 510.10(c).

In his first and second issues on appeal, Lucio contends that the trial court could not properly proceed in a forcible detainer suit because Armendarez failed to provide him with the statutorily required pre-suit demand notice and Armendarez's "pleading then on file was not a valid pleading on which judgment could have been granted." *See* PROP. §§ 24.002 (West 2023), 24.005. In his third issue, Lucio claims that there was insufficient evidence of Armendarez's superior right to possession of the property. In his fourth issue, Lucio argues that the trial court erred in periodically releasing funds deposited by him in the registry of the court in lieu of a supersedeas bond. We affirm in part and reverse in part.

## I. *Factual and Procedural History*

Lucio and Armendarez are half-siblings, and the subject property belonged to their late mother, Mary Dolores Lucio. In 2019, Mary Dolores executed, in the presence of witnesses, her Last Will and Testament. The will appointed Armendarez as the estate's independent executrix, and it bequeathed the subject property to Armendarez following Mary Dolores's death. Mary Dolores died in 2021. Armendarez was appointed executrix, and the will was probated in trial court cause no. 2022-PR01615-1. In March 2023, Armendarez in her role as independent executrix, issued to herself as the will's stated beneficiary, a special warranty deed to the subject property, a copy of which was sent to Lucio via certified mail. Armendarez thereafter attempted to execute a lease agreement with Lucio, but Lucio declined and no money was ever exchanged.

On May 9, 2023, Armendarez sent Lucio a notice to vacate the premises. He refused. On September 5, 2023, Armendarez filed an eviction suit in the justice court seeking possession of the property. Armendarez's claim of superior right to

possession of the property was based on the special warranty deed granting her record title ownership in fee simple. The justice court issued a judgment in Armendarez's favor on September 22, 2023, from which Lucio appealed to the county court at law.

On November 7, 2023, while the forcible detainer appeal was pending in the county court at law, Lucio filed a "Motion to Revoke a [Fraudulent] Last Will and Testament" in the estate probate proceeding. Lucio then admitted a copy of the motion to revoke as an exhibit in the de novo trial. The attachments to his motion include: (1) the will, which was attested to by two witnesses under oath and left all property to Armendarez, and (2) the first page of the probate court's order admitting the will to probate and authorizing letters testamentary, which reflects a filing date of August 5, 2022.

During the de novo trial, Lucio notified the county court at law that he had filed a challenge to the will, which he argued precluded the county court's jurisdiction. Lucio additionally argued that even though Armendarez had previously provided a notice to vacate, a new notice was required because the Texas Property Code "require[d] that there be a new notice for each forcible [detainer] proceeding." The trial court disagreed, concluding that "as long as a proper amount of time has passed that's required by the [P]roperty [C]ode, . . . the notice will suffice." In support of Armendarez's claim for superior right of possession, the special warranty deed and Armendarez's notice to vacate were admitted into evidence.

At the conclusion of the trial, the trial court found in favor of Armendarez and, at Lucio's request for "a workable bond," set a supersedeas bond of $500 per month. A written judgment followed on December 19, 2023.

On January 18, 2024, Lucio filed a motion for new trial, arguing that Armendarez had failed to provide the proper notice and demand for possession, and

3

that there was a defect of title on the face of the public record.  The trial court denied Lucio's motion.

## II.  *Statutory Requirements*

Lucio's first and second issues relate to the trial court's ability to "hear[] the case" and render judgment.  Lucio first argues, as he did in his motion for new trial, that there was no "statutorily sufficient pre-suit demand for possession."  Lucio argues that Armendarez was required to issue a new notice to vacate and demand for possession after "a take nothing judgment for Armendarez" was entered in a prior eviction suit in the justice court regarding the same property.  Lucio further maintains that Armendarez cannot have made a proper pre-suit notice and demand for possession as required by Sections 24.002 and 24.005 of the Texas Property Code because Armendarez cannot claim in good faith to own the real property in question.

Chapter 24 of the Texas Property Code grants justice courts jurisdiction in eviction suits, which includes suits for forcible entry and detainer and forcible detainer.  *See* PROP. § 24.004(a); *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024).  Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy to resolve the question of entitlement to the immediate possession of the property.  *Westwood Motorcars*, 689 S.W.3d at 883.  As a result, however, "eviction suits are limited in scope and effect, with the 'sole focus' being 'the right to immediate possession of [the] real property.'"  *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)); *see* TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title.").  A party may appeal the justice court's judgment to the county court.  TEX. R. CIV. P. 510.9, 510.10; *Westwood Motorcars*, 689 S.W.3d at 881.

Because forcible detainer is a statutory cause of action under the Texas Property Code, a plaintiff must strictly comply with its requirements.  *See Perry v. Wichita Falls Hous. Auth.*, 646 S.W.3d 908, 912 (Tex. App.—Fort Worth 2022, no

4

pet.); *see generally* PROP. §§ 24.002–.0051.  One such requirement is that a plaintiff must make a written demand for possession in compliance with Section 24.005's notice-to-vacate requirements.  PROP. §§ 24.002(b), 24.005(b), (h).  Relevant here, if the occupant is a tenant at will or by sufferance, the plaintiff must give the tenant at least three days' written notice to vacate before the plaintiff files a forcible detainer suit.  *Id.* § 24.005(b).

To prevail in a forceable detainer action, a plaintiff must also present sufficient evidence to demonstrate a superior right to immediate possession.  *Lua v. Cap. Plus Fin., LLC*, 646 S.W.3d 622, 632 (Tex. App.—Dallas 2022, pet. denied); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  That is, a plaintiff must show that: (1) the plaintiff owned the property; (2) the person who refuses to surrender possession "is either a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession"; (3) the plaintiff gave proper notice to vacate the premises; and (4) the person refused to vacate the premises.  *Shields Ltd. P'ship*, 526 S.W.3d at 478 (citing PROP. CODE § 24.002); *Lua*, 646 S.W.3d at 632.

The parties do not dispute that the notice to vacate was properly addressed and sent by priority mail with prepaid postage on May 9, 2023.  Lucio does not contend that he did not receive this notice.  Armendarez thereafter filed suit in September 2023, more than three days later.  *See* PROP. § 24.005(b); *see, e.g., Gardner v. Morazan*, No. 02-21-00251-CV, 2022 WL 1420543, at *2 (Tex. App.—Fort Worth May 5, 2022, no pet.) (mem. op.) (concluding that an appellee had provided appellant sufficient statutory notice before filing a forcible detainer suit when they "provided more than three days' notice under Section 24.005(b) of the Property Code before they filed their suit").

As we have said, as evidence of her superior right to possession, Armendarez submitted the duly executed special warranty deed. *See Jimenez v. McGeary*, 542 S.W.3d 810, 815 (Tex. App.—Fort Worth 2018, pet. denied) ("The special warranty deed in evidence established that McGeary was one of the property's owners."). The written "notice to vacate" addressed to Lucio was also admitted. Thus, Armendarez met the statutory notice requirements. *See* PROP. §§ 24.002–.0051.

By his secondary argument, Lucio challenges the validity of the notice's use. Lucio argues that the same notice was used in a prior suit involving the same property, which precludes its use in the instant suit. Although the parties do not dispute the existence of a prior suit and the use of the same notice in the prior suit, the disposition of the prior suit is unknown. Lucio's own characterization of the prior suit's disposition varies. Lucio claims on appeal—as he did in his original answer—that he received a "take nothing judgment for [Armendarez] on August 24, 2023," before Armendarez filed the instant suit in September 2023. Then, during the de novo trial, Lucio instead referenced a "dismissal" of a prior suit utilizing the same notice but did not state the reason for the dismissal. Armendarez, in a letter to the county court, also claimed that a prior suit was dismissed and alleged that it was dismissed because the petition had been untimely filed. *See* PROP. § 24.005 (requiring a three-day period between the written notice and the filing of a forcible detainer suit).

Lucio nonetheless argues that the use of the notice in the prior suit precludes its use in the instant suit and cites two cases in support. *See Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (discussing the nature of forcible detainer actions and the application of res judicata); *Custer v. Wells Fargo Bank, N.A.*, No. 03-15-00362-CV, 2016 WL 1084165 (Tex. App.—Austin Mar. 18, 2016, pet. dism'd w.o.j.) (mem. op.) (examining the relationship between the notice provided and when the cause of action accrues for

the purpose of calculating the statute of limitations). While these two cases may suggest that the delivery of a proper notice to vacate is a necessary step for the accrual of a new cause of action, neither of these cases concern a prior suit of uncertain disposition utilizing the same notice. Moreover, the Property Code does not explicitly require a new notice to vacate when a prior forcible detainer action has been dismissed, nor have we found caselaw addressing the question.

Nevertheless, in any matter, "[w]e cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed." *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied); *see, e.g.*, *Hanna v. Hanna*, No. 11-15-00178-CV, 2017 WL 3194740, at *2 (Tex. App.—Eastland July 27, 2017, no pet.) (mem. op.) ("[T]he evidence Appellant relies on to make this assertion is not part of the appellate record, and we cannot look outside the record in conducting our analysis."); *see generally* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). As discussed *supra*, the record as filed indicates timely written notice was served upon Lucio in compliance with the statute. *See* PROP. §§ 24.002–.0051. Accordingly, Lucio has not demonstrated that the trial court abused its discretion in awarding possession to Armendarez on this basis.

We overrule Lucio's first and second issues.

### III. *Sufficiency of the Evidence*

In his third issue, Lucio challenges the sufficiency of the evidence to support the trial court's finding of Armendarez's superior right to possession. Lucio argues that the 2019 deed was not entitled to any evidentiary presumption of validity given that (1) Armendarez's right to possession was founded on a special warranty deed executed March 28, 2023, by Armendarez herself, albeit in her role as the

7

independent executrix as designated by the will and (2) Lucio has challenged the validity of that will.

Because there were no findings of fact or conclusions of law in this case, the trial court's finding on this element of superior right to possession is implied if there is sufficient evidence to support it. *See Gaber v. U.S. Bank Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr.*, No. 02-20-00376-CV, 2021 WL 5367851, at *4 (Tex. App.—Fort Worth Nov. 18, 2021, pet. denied) (mem. op.) (first citing *Shields Ltd. P'ship*, 526 S.W.3d at 478, 480; and then citing *Onyedebelu v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Residential Credit Opportunities Tr. V-C*, No. 02-20-00239-CV, 2021 WL 4319705, at *3 (Tex. App.—Fort Worth Sept. 23, 2021, pet. denied) (mem. op.)).

"If the reporter's record is filed on appeal, as it was here, implied findings may be challenged on insufficiency grounds in the same manner as jury findings or a trial court's express findings of fact." *Enriquez v. Cap. Plus Fin., LLC*, No. 02-19-00184-CV, 2020 WL 719441, at *3 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.). In our review, we consider evidence favorable to the finding if a reasonable factfinder could have done so, and we disregard contrary evidence unless a reasonable factfinder could not have done so. *See Shields Ltd. P'ship*, 526 S.W.3d at 480; *Gaber*, 2021 WL 5367851, at *4. The evidence is legally insufficient to support the challenged finding if:

> (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact.

*Shields Ltd. P'ship*, 526 S.W.3d at 480; *Enriquez*, 2020 WL 719441, at *3.

As noted *supra*, the will concerning the property was executed and attested to by two witnesses and admitted into probate; Armendarez was named as independent

executrix, and letters testamentary were issued to her. Only after the special warranty deed to the property as inherited was executed, did Armendarez initiate her right of possession regarding the forcible detainer action. This evidence was admitted in the forcible detainer proceeding. Although Lucio initiated a will challenge during the pendency of the forcible detainer suit, "an eviction suit in justice court 'may run concurrently with another action in another court' . . . even if the two proceedings 'overlap' and 'the other action adjudicates matters that could result in a different determination of possession.'" *Westwood Motorcars*, 689 S.W.3d at 883–84 (quoting *Kassim v. Carlisle Ints., Inc.*, 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010, no pet.)); *Stedfast Baptist Church v. Fellowship of the Sword, Inc.*, No. 02-21-00436-CV, 2022 WL 11485472, at *8 (Tex. App.—Fort Worth Oct. 20, 2022, no pet.) (mem. op.). In this regard, matters relating to possession may overlap in the two proceedings, and a justice court's judgment in an eviction suit on the right to immediate possession "is not . . . a final determination of the parties' ultimate rights, the wrongfulness of the eviction, or any other question." *Westwood Motorcars*, 689 S.W.3d at 885. Thus, viewed in the light most favorable to Armendarez, the evidence is sufficient to demonstrate Armendarez's right to immediate possession of the subject property irrespective of Lucio's "motion to revoke" the will in the separate probate proceeding. *See Enriquez*, 2020 WL 719441, at *3. We overrule Lucio's third issue.

## IV. *Supersedeas Bond*

In his fourth issue, Lucio argues that the trial court erred in periodically releasing funds deposited in the registry of the court by him in lieu of a supersedeas bond. Armendarez counters that the trial court's release of these funds was permissible under Section 24.0053(a-4) of the Property Code.

Relevant here, a judgment debtor may supersede a judgment by posting "a good and sufficient bond" or by "making a deposit with the trial court clerk in lieu

9

of a bond." *See* TEX. R. APP. P. 24.1(a)(2), (3).  Deposits in lieu of a bond must be in an amount that is "the value of the property interest's rent or revenue." *See id.* R. 24.1(c)(2), 24.2(a)(2)(A).  If a judgment debtor deposits cash or a cashier's check in lieu of a supersedeas bond, the trial court clerk "must hold the deposit until the conditions of liability" as set forth below are "extinguished":

> (1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment;

> (2) the debtor does not perform an adverse judgment final on appeal; or

> (3) the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal.

*Id.* R. 24.1(c)(3), (d).

The combined effect of these rules is that a trial court clerk *must hold* the deposit until one of the three "Conditions of Liability" set forth in Rule 24.1(d) is satisfied, and only then may the clerk release any remaining funds in the deposit. *See id.* R. 24.1(c), (d), cmt. ("Paragraph 24.1(d) provides the conditions for the surety to honor the bond and for the deposit to be paid to the judgment creditor."); *see also 2200 W. Alabama, Inc. v. Doc's Delight, L.L.C.*, No. 01-10-00364-CV, 2011 WL 2436288, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) ("Because the [Rule 24.1(d)] conditions for liability have been met, [the debtor] was entitled to the value of the unpaid rent during the pendency of the appeal, up to the amount of the deposit.").

The trial court's judgment here ordered a supersedeas bond amount of $500, payable each month while the appeal is pending.  The clerk's certificates of Lucio's cash deposits in lieu of a supersedeas bond appear in the record.  For three consecutive months in early 2024, following repeated postjudgment motions from Armendarez requesting the release of funds from the registry, the trial court ordered the funds disbursed.  The disbursement occurred, however, absent the presence of

10

any of the triggering conditions set forth in Rule 24.1(d). *See* R. 24.1(c)(3), (d). Therefore, the trial court erred in ordering supersedeas funds released on January 3, 2024, February 2, 2024, and March 12, 2024. *See id.*; *In re Mittelsted*, 651 S.W.3d 630, 636 (Tex. App.—Houston [14th Dist.] 2022, orig. proceeding) (concluding the "release of supersedeas funds on deposit in the court's registry before the conditions of liability have been met [was] clear error"). Although Lucio also challenges orders purportedly issued after March 2024, no such orders appear in the appellate record, and we are unable to consider that which is not in the appellate record. *See* TEX. R. APP. P. 34.1; *BBVA Compass Inv. Sols., Inc. v. Brooks*, 456 S.W.3d 711, 716 (Tex. App.—Fort Worth 2015, no pet.) ("An appellate court cannot look outside the record but is bound to determine the case on the record filed.").

Additionally, Armendarez's reliance on Section 24.0053 of the Property Code as a mechanism for the release of supersedeas funds here is misplaced. *See* PROP. § 24.0053. This provision, entitled "Payment of Rent During Appeal of Eviction" specifically states that "[t]his subsection does *not require* or prohibit payment of rent into the court registry or directly to the landlord during the pendency of an appeal of an eviction case *based on grounds other than nonpayment of rent*." *Id.* § 24.0053(a) (Emphasis added). In Armendarez's eviction complaint, she left the "UNPAID RENT AS GROUNDS FOR EVICTION" portion of the form blank, and instead, filled out the portion below it that is entitled "HOLDOVER AS GROUNDS FOR EVICTION." Further, Section 24.0053(a-4) specifically requires a sworn motion *and* hearing before a plaintiff "may withdraw money deposited in the court registry *before the final determination in the case*." *Id.* § 24.0053(a-4) (Emphasis added). This instant suit is not based on grounds of nonpayment of rent, and irrespective of that fact, this appeal does not concern monies deposited into the registry before the final determination of a case. *See Gloston v. Ellison*, 651 S.W.3d 637, 642 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (distinguishing between a supersedeas

bond paid into the registry from funds defined under Texas law as payment for a rental period under Section 24.0053).

Therefore, we conclude the trial court erred in ordering the distribution of supersedeas deposits to Armendarez. We sustain Lucio's issue in part, with respect to the trial court's January 3, 2024, February 2, 2024, and March 12, 2024 orders, but deny the issue with respect to any orders following March 12, 2024, which do not appear in the appellate record.

## V. *This Court's Ruling*

We affirm the judgment of the trial court and reverse the trial court's January 3, 2024, February 2, 2024, and March 12, 2024 orders and remand for further proceedings consistent with this opinion.

W. BRUCE WILLIAMS
JUSTICE

December 18, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.